# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LEON MCCOY,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

3:08-cv-0036-LRH-VPC

**ORDER**

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Leon McCoy, a Nevada prisoner. Respondents filed a motion to dismiss, or alternatively, a motion for a more definite statement (docket #8), which resulted in an order that petitioner amend his petition (docket #11). Petitioner did not amend and the respondents have now filed their responsive pleading, including a motion to dismiss certain procedurally defaulted claims and their answer on the merits to the remainder of the claims (docket #14). Petitioner's reply (docket #22) consists of a copy of the opening brief on his direct appeal. He offers no rebuttal to the motion to dismiss aspects of the respondents' brief or to the claims raised and decided in state court on post-conviction review.

**A.   Background**

As reported by respondents, petitioner was charged in state court with the crimes of murder, burglary, and robbery. Trial was conducted in October 2004, and petitioner was convicted on the murder charge. A motion for a new trial was denied. Thereafter, petitioner filed a direct appeal raising three claims for relief:

///

1. McCoy's Constitutional Rights to Due Process and Equal Protection Were Violated When the State's Witness Called McCoy a "Known Criminal" Before the Jury.
2. The State Failed to Overcome the Presumptive Prejudice Suffered by McCoy When its Own Witness Improperly Communicated with the Jury in the Hallway During Trial
3. The Prosecutor's Improper Reference to the Ethnicity of the Victim During Closing Argument Injected an Immutable Racial Characteristic into What Should Have Been a Color-blind Analysis of the Evidence.

Exhibit 19.  The Nevada Supreme Court denied the first two claims on their merits and denied the third on the basis that the appellant had not provided the court with the transcript of the closing arguments to allow for proper review.  Exhibit 21.[1]

Next, petitioner proceeded with his state court post-conviction review.  The state district court denied relief and the Nevada Supreme Court agreed finding that the claims fell into three categories of analysis: (1) those that would be denied under the procedural requirements of Nevada Revised Statutes (NRS) 34.810(1)(b)(2), which required that all direct appeal eligible claims be presented in that forum; (2) those that had previously been presented on direct appeal and were governed by the law of the case; and (3) those that would be reviewed on their merits - consisting mainly of ineffective assistance of counsel claims.  Exhibit 27.  The Nevada Supreme Court dismissed petitioners instant grounds 1, 3, 4, 15, 17, 19, 20, 21, 22, 24, and 25, as procedurally defaulted.  It denied consideration of instant ground 18 on the basis of law of the case; and it denied instant claims 2, 5-8, 9-14, 17, 18, and 23 on their merits, finding petitioner has failed to demonstrate the requisite deficient performance or prejudice under the *Strickland v. Washington*[2] federal standard for such claims.

Petitioner came to this court with a petition raising some 25 claims for relief (docket #4).  After failing to file an amended petition as directed by the court in deciding respondents original motion to dismiss, the court now considers the arguments for dismissal and discussion of the merits of the claims in the original petition.

///

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their answer and are found in the court's docket at #17.

[2] *Strickland v. Washington,* 466 U.S. 668 (1984).

**B.     Analysis**

    1.  Procedural Default

  The doctrine of procedural default generally prohibits a federal court from considering a specific habeas ground where the state's highest court declined to reach the merits of that claim on procedural grounds. *See Murray v. Carrier*, 477 U.S. 478 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982). In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless he can demonstrate cause for the default, and actual prejudice, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750(1991). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id*. at 729-30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal*., 96 F.3d 1126, 1129 (9th Cir.1996).

  The state court dismissed many of petitioner's grounds on the basis of a state procedural requirement as set forth in NRS 34.810. This statute has been found to be both independent and adequate to support the dismissal and has been consistently applied by the state court. *Vang v. Nevada,* 329 F.3d 1069 (9th Cir. 2003). In light of petitioner's failure to offer any arguments for cause and prejudice, the court finds that grounds 1, 3, 4, 15, 17, 19, 20, 21, 22, 24, and 25 were procedurally defaulted in the state court and are hereby barred from review herein. *See* Local Rules of Civil Practice, Rule 7-2(b). These claims shall be dismissed with prejudice.

    2.  Merits Review

  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003), citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Bell v. Cone*, 535 U.S. at 694.

Furthermore, a state court decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 73. The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

The majority of claims presented and eligible for review on the merits arise in the context of the performance of counsel. To prove ineffective assistance of counsel, petitioner must prove (1) that his attorney's actions were outside the wide range of professionally competent assistance, and (2) that counsel's actions prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the "distorting effects of hindsight" and must overcome the presumption that ... the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).

### Ground 2

Ground 2 of the petition claims petitioner was denied ineffective assistance of counsel when "counsel failed to properly present a video and audio tape of a witness who witnessed the crime take place and stated that the petitioner was no where around when the crime took place."

The Nevada Supreme Court rejected this claim as it was insufficiently plead with facts which would support the claim and did not explain how the alleged acts represented deficient performance or prejudice. This court agrees. The claim provides no indication of what witness was missing or of how counsel was to have arranged to present audio or video testimony at trial. Ground 2 shall be denied.

### Ground 5

This ground claims "trial counsel failed to insure that he could communicate with petitioner by putting a block on his phone and never coming to visit his client."

The Nevada Supreme Court rejected this claim that counsel failed to communicate on the basis that it, too, failed to present sufficient facts to show counsel was deficient or that petitioner was prejudiced. This claim is deficient to meet the requirements of *Strickland*. The state court's decision was proper.

### Grounds 6 and 7

In these grounds, petitioner complains about counsel's communication related to direct appeal. Petitioner contends counsel failed to keep him informed of the progress of the appeal (ground 6) and denied petitioner his "right" to assist in his own defense during trial, and on direct appeal (ground 7).

The Nevada Supreme Court considered and denied these claims, noting petitioner did not identify any claims that he believed should have been presented on direct appeal but were not and did not explain how additional communication would have changed the claims presented or the outcome of the appeal. Thus, petitioner failed to show prejudice from the purported lack of communication and the claims were rightly denied.

### Grounds 8 and 9

Ground 8 reads: "Breakdown in communication is ground for dismissal because a working

5

communication is very esential [sic] to one's defense." Ground 9 reads: "Conflict of Interest 'as counsel cannot and 'will not 'raise' ineffective assistance of counsel 'against himself." [internal punctuation in original]. Neither ground presents an actual claim for relief. Rather they suggest an argument in support of a claim for ineffective assistance of counsel. Grounds 8 and 9 shall be denied as insufficiently pled to state a claim for relief.

### Grounds 10, 11, and 13

These claims challenge counsel's purported failure to call alibi witnesses, eyewitnesses and impeachment witnesses in order to show petitioner was not the shooter or to challenge the credibility of witnesses presented against him.

Respondents suggest the state court properly denied the claims, as there was no alibi available since petitioner admitted being present at the scene, and the claims do not provide specific facts about what the unidentified witnesses might have offered in testimony. Respondents further note that the claims are belied by the record, in that counsel did call an impeachment witness and counsel worked to impeach the State's witnesses Grayson and O'Dell through "aggressive" cross examination.

Respondents contentions are supported by the record and go unrebutted by petitioner. The state court's denial of grounds 10, 11, and 13 was proper under 28 U.S.C. § 2254 and petitioner is not entitled to relief from this court.

### Ground 12

In ground 12, petitioner contends counsel did not allow petitioner to testify in his own defense. The record belies this contention, as petitioner was thoroughly canvassed by the trial court as to his right and desire to testify. The transcript reveals petitioner expressed no desire to testify, completely undercutting the claim presented here.

No relief is warranted on Ground 12, as the state courts' decision was not contrary to or an unreasonable application of clearly established federal law.

### Grounds 14 and 16.

These claims read: "Defense counsel failed to conduct an investigation as to the credibility of witnesses Wayne Grayson, Tonya Jackson and Deanna O'Dell" and "Trial counsel failed to

6

investigate for evidence or call witnesses to prove petitioner's theory of defense."

Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. More specifically, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

Here the record demonstrates that counsel did investigate, by hiring an investigator and having him talk to Grayson and get a statement. Moreover, counsel brought out the witnesses' inconsistent statements through cross-examination. The state court's determination to deny relief on these claims is within the parameters outlined in 28 U.S.C. § 2254 and petitioner is not entitled to relief.

### Ground 18

In this ground for relief, petitioner claims he "was denied a fair trial when witness O'Dell stated that petitioner is a known criminal to the jury in response to questions by the state." Petitioner continues, "Then outside of the courtroom Ms. O'Dell stated that they are putting words in my mouth to two jurors and the court bailiff informed the parties of this after the court admonished her."

These allegations combine two of the claims for relief petitioner raised on direct appeal. In reviewing the claims, the Nevada Supreme Court determined that O'Dell's statement on the stand was "inadvertent, the isolated reference to criminal activity was indirect, and the district court immediately gave a curative instruction," citing to *Rice v. State,* 108 Nev. 43, 44, 824 P.2d 281, 281-82 (1992). Exhibit 21, p. 3.

The state court's legal review of the first part of this claim included a harmless error analysis described in *Chapman v. California,* 386 U.S. 18 (1967). In making that analysis, the Nevada Supreme Court applied the United States Supreme Court's holding properly. In deciding the second part, related to O'Dell's communications with jurors, the Nevada Supreme Court said "the communication did not involve a substantive matter before the jury." Exhibit 21, p. 4. The Nevada Supreme Court noted that the trial court offered to allow defense counsel the opportunity to question the witness about her comments, which offer was declined. Additionally, the court admonished the jury to disregard the comments.

7

Respondents contend and the court's research supports the contention that there is no United States Supreme Court case law addressing the issue of improper communication with the jury as a due process violation. Thus, the decision of the Nevada Supreme Court cannot be assailed as in error under the guidelines of the federal habeas statute.

### Ground 23

Here, petitioner complains of being required to wear an electronic device during trial and of counsel's failure to object to this requirement, "when such requirement was wholly unnecessary."

The Nevada Supreme Court denied the claim on the basis that it was not sufficiently specific as to the facts surrounding the claim. For example, petitioner does not even identify what type of electronic device he was required to wear or how it might have prejudiced him at trial. Such bald claims do not warrant review, let alone relief from this court and the Nevada Supreme Court was not in error to deny the claim.

Petitioner is not entitled to relief on his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has failed to provide this court with sufficient information or argument which demonstrates that the state courts' handling of his criminal proceedings were deficient or violated in any manner his federal constitutional rights. The petition shall be denied.

**C.     Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that grounds 1, 3, 4, 15, 17, 19, 20, 21, 22, 24, and 25 are **DISMISSED AS PROCEDURALLY BARRED.**

**IT IS FURTHER ORDERED** that grounds 2, 5-14, 16, 18, and 23 are **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall be **DENIED.**

The Clerk shall enter judgment accordingly

Dated this 21st day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE